13-2465
Huang v. Lynch

BIA
A087 548 102

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of August, two thousand fifteen.

PRESENT:
    ROSEMARY S. POOLER,
    DEBRA ANN LIVINGSTON,
    RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

_____

JING HUANG,
        *Petitioner,*

        v.                                    13-2465
                                              NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,[*]
        *Respondent.*

_____

FOR PETITIONER:        Rakhvir Dhanoa, New York, New York.

---

[*]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr., as the Respondent in this case.

**FOR RESPONDENT:** Stuart F. Delery, Assistant Attorney General; Stephen J. Flynn, Assistant Director; Robert Michael Stalzer, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jing Huang, a native and citizen of the People's Republic of China, seeks review of a June 6, 2013, decision of the BIA denying his motion to reopen. *In re Jing Huang*, No. A087 548 102 (B.I.A. June 6, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case. Because Huang's petition for review is timely only with respect to this denial of reopening, we lack jurisdiction to consider his challenges to evidentiary matters and the adequacy of his counsel's performance in the underlying proceedings, both of which he failed to raise in his motion. *See* 8 U.S.C. § 1252(b)(1) (30-day filing requirement for petitions for review); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001) (explaining that petition timely filed

2

from denial of reconsideration does not bring up underlying removal order for review); *Arango-Aradondo v. INS*, 13 F.3d 610, 614 (2d Cir. 1994) (requiring exhaustion of ineffective assistance claims before BIA as prudential matter).

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). The BIA may deny reopening if the alien fails to demonstrate his *prima facie* eligibility for the underlying relief sought does not reasonably explain his failure to timely file his asylum application, and does not present new, previously unavailable material evidence. *See* 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1); *INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

The BIA reasonably found that Huang's evidence was not material. Huang requested reopening to supplement the record with corroborating evidence the IJ excluded as untimely filed, but did not submit that evidence with his motion. Rather, he submitted: (1) a psychological evaluation stating that he suffered from depression (his explanation for the late filing); (2) pre-hearing evidence of the causes of his depression; and (3) purportedly new evidence that corroborated his testimony that his parents'

3

corrupt landlord would force him to pay his parents' unsettled debt.

As to the evidence regarding Huang's depression, the BIA reasonably found it did not undermine the agency's dispositive pretermission and adverse credibility rulings because it did not independently corroborate his claim for relief. Moreover, the BIA reasonably rejected the evaluation as unreliable because it was created two years *after* the hearing and for the purpose of litigation. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (the weight to be accorded to documentary evidence lies largely within the agency's discretion); *In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 214 & n.5 (BIA 2010) (affording diminished weight to unsworn letters created for the purpose of litigation), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

Similarly, the evidence regarding his parents' landlord did not directly relate to Huang's claim regarding his parents' debt: they discussed the landlord and his resignation and charges of corruption, but not Huang or his parents. And as the BIA noted, one article was undated and therefore may have been previously available. Because Huang

4

failed to demonstrate that his evidence was new or material, the BIA did not abuse its discretion in denying his motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1); *Abudu*, 485 U.S. at 104-05.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5